IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILBRUN L. CHILDERS,**

                **Petitioner,**

       **v.**                              **CASE NO.07-3328-SAC**

**STATE OF KANSAS, et al.,**

                **Respondents.**

**O R D E R**

This matter is before the court on a pro se petition, as later supplemented, for a writ of habeas corpus under 28 U.S.C. § 2254, filed by a prisoner incarcerated in the El Dorado Correctional Facility in El Dorado, Kansas.  The court grants petitioner leave to proceed in forma pauperis under 28 U.S.C. § 1915 in this habeas action.

The Antiterrorism and Effective Death Penalty Act enacted in 1996 imposed a one year limitation period on habeas corpus petitions filed by prisoners confined pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1).  The running of that one year limitation period is subject to tolling if petitioner pursues state post-conviction relief or other collateral review.  See 28 U.S.C. § 2244(d)(2) (running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending).

Applying these statutes to the dates provided by petitioner in his application, the court finds this matter should be dismissed because the application is time barred.  *See* <u>Jackson v. Sec. for Dept. of Corrections</u>, 292 F.3d 1347 (11th Cir. 2002)(joining other

circuits in holding that district court has discretion to review sua sponte the timeliness of a 2254 petition even though the statute of limitations is an affirmative defense).

Petitioner was convicted in Sedgwick County District Court in February 2002 on his no contest plea to charges of robbery, attempted aggravated robber, theft, and forgery. Petitioner filed no appeal at that time. Some fifteen months later, petitioner began seeking collateral review of his conviction in the state courts without success.[1] Thus the record makes clear that none of petitioner's post-conviction filings had any tolling effect on the federal one year limitation period that had already expired. *See* Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(application for post-conviction relief filed after expiration of one-year limitation period has no tolling effect), *cert. denied*, 535 U.S. 1034 (2002).

Accordingly, the court directs petitioner to show cause why the instant petition should not be dismissed as time barred because petitioner failed to seek federal habeas corpus relief within the one year provided under 28 U.S.C. § 2244(d)(1), or to take any action within that one year period to toll the running of the federal limitations period.

IT IS THEREFORE ORDERED that petitioner's motion for leave to

---

[1] It appears he filed a post-conviction motion under K.S.A. 60-1507 in May 2003, which the state district court denied and petitioner filed no appeal. Petitioner than filed a motion in December 2003 to withdraw his plea. The state district court denied the motion and petitioner filed no appeal. In July 2005 petitioner again filed a motion to withdraw his plea. This time he appealed the state court's denial of the motion, and that appeal became final on November 13, 2007.

proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be dismissed as time barred.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (Doc. 3) is denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 25th day of January 2008 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge