IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILBURN L. CHILDERS,

                Petitioner,

     v.                                      CASE NO.07-3328-SAC

STATE OF KANSAS, et al.,

                Respondents.

## O R D E R

    Petitioner proceeds pro se and in forma pauperis on a petition, as later supplemented, for a writ of habeas corpus under 28 U.S.C. § 2254.  The court reviewed the record and directed petitioner to show cause why the supplemented petition should not be dismissed as time barred because petitioner had not filed his petition within the one year period provided by 28 U.S.C. § 2244(d)(1), and petitioner's pursuit of post-conviction relief in the state courts after the § 2244(d)(1) limitation period had expired had no tolling effect on the running of that limitation period.

    In response, petitioner acknowledges his petition is time barred, but appears to suggest his filing under 28 U.S.C. § 2254 resulted from the use of a form petition provided by the court, and from his lack of legal training as to how to seek federal review of his claims without application of the limitation period in § 2244(d)(1).  Petitioner cites the liberal reading to be afforded by the court in construing pleadings filed by pro se litigants, and claims he should be granted an opportunity to correct his mistake in filing under 28 U.S.C. § 2254.

    Petitioner, however, incorrectly presumes that federal review of his claims is available outside the habeas remedy as provided by

28 U.S.C. § 2254, and as restricted by the limitation period imposed by 28 U.S.C. § 2244(d)(1).

Federal courts have jurisdiction to consider allegations that a prisoner's confinement pursuant to a state court judgment violated his rights under the United States Constitution or federal law. 28 U.S.C. § 2254. The Supreme Court has recognized that § 2254 is the *exclusive* remedy in federal court for such a prisoner to challenge the fact or duration of his confinement. See Preiser v. Rodriquez, 411 U.S. 475 (1973)(state prisoner's challenge to fact or duration of confinement must be presented through petition for writ of habeas corpus after exhausting state court remedies). Petitioner's suggestion that he should have an opportunity to correct his filing under 28 U.S.C. § 2254 to avoid the limitation period in 28 U.S.C. § 2244(d)(1) has no merit.

Accordingly, the court finds the instant petition was correctly submitted under 28 U.S.C. § 2254, but not within the time provided by 28 U.S.C. § 2244(d)(1) for doing so. The court further finds petitioner has not demonstrated any basis for equitably tolling that limitation period, and concludes the petition should be dismissed as time barred.

IT IS THEREFORE ORDERED the supplemented petition is dismissed as time barred.

**IT IS SO ORDERED.**

DATED: This 25th day of January 2008 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge